SCALLEY CARUSO, PLAINTIFF-APPELLEE, v. FREDERICK FATZLER, DEFENDANT-APPELLANT.

Submitted December 1, 1910—Decided April 8, 1911.

Where A employed B to do an entire job of excavation and before the work was completed, and without fault of B, A engaged another person to complete the work, and such person, with men and horses, went to work—*Held*, not error for the trial court, sitting as a jury, to find for B for the value of the work done by him.

On appeal from a District Court.

Before Justices REED, PARKER and BERGEN.

For the plaintiff and appellee, *Gaetano M. Belfatto.*

For the defendant and appellant, *Michael T. Barrett.*

The opinion of the court was delivered by

REED, J.   This action was brought in a District Court to recover for labor in carting dirt and rubbish from the premises of the defendant. The price for such labor to be paid by the defendant was $1.50 for each load of rubbish, and eighty-two cents for each cubic yard of dirt excavated.

The defendant insisted that the contract was to remove all the rubbish and dirt from the defendant's premises, and that the plaintiff failed to do so.

It appears that the plaintiff began his work on April 13th, and worked for three days, when the rain stopped the work; and on April 19th he sent his teams and his men to resume the work and found another contractor with a force of men at work upon the excavating, whereupon the plaintiff took his men and teams away. The plaintiff testifies that on April 16th the defendant called upon him and told him, the plaintiff, that if he did not proceed at once with the work, with the excavating, he would employ some other persons to do the work.

The trial court held that there was no time limit within which the work was to be done, and no breach of contract by the plaintiff. It held that the action of the defendant in putting other teams and men at work at the excavating, presented a situation which gave the plaintiff a right to elect to proceed with the work and finish it, or to consider the contract as rescinded as to the balance of the excavating. The court gave judgment for the plaintiff for the amount of work done, at the contract price.

The single legal question presented is whether the court, sitting as a jury, could find that the plaintiff, assuming him to be bound by an entire contract, was, by reason of the conduct of the defendant, justified in abandoning the work before completion.

The defendant had, as already observed, told the plaintiff that if he did not proceed at once, he would employ some other person to do the work. The plaintiff found other men and horses at work upon the premises. It is obvious that the plaintiff could not resume work without interference from, and possibly collision with, those already in possession of the premises.

We think we cannot say, as a legal conclusion, that the plaintiff abandoned the work without cause, or that the cause was not the conduct of the defendant.

We think the judgment should be affirmed.